# EXHIBIT 3

CAUSE NO. DC-21-03930

| | | |
|---|---|---|
| **KADEJAH HAYNES;** | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| **HARRY VANDINTER; AND GT EXPRESS, INC.;** | § § § | |
| | § | 162nd |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Kadejah Haynes files Plaintiff's Original Petition complaining of Defendants Harry Vandinter and GT Express, Inc.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

PLAINTIFF'S ORIGINAL PETITION – Page 1

## III. PARTIES

Plaintiff Kadejah Haynes is an individual resident of Grand Prairie, Dallas County, Texas. Her driver's license number is          and her social security number is

Defendant Harry Vandinter is an individual resident of Oklahoma City, Oklahoma County, Oklahoma and may be served with process at 1113 North Broadview Drive, Oklahoma City, Oklahoma 73127.

Defendant GT Express, Inc. is a corporation doing business in Mokena, Will County, Illinois and may be served with process by serving its registered agent, Emerson & Elder, PC, at 8500 West 191st Street, Suite 3, Mokena, Illinois 60448.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Tuesday, November 24, 2020 at or near the intersection of IH-30 service road and Buckner Boulevard within the city limits of Dallas, Dallas County, Texas. Plaintiff Kadejah Haynes was operating her vehicle northbound on the

ramp from Buckner Boulevard to eastbound IH-30 service road. Defendant Harry Vandinter was operating his 18-wheeler, while in the course and scope of his employment with GT Express, Inc., on IH-30 service road eastbound. As Plaintiff entered the intersection with the right-of-way, Defendant Harry Vandinter had a stop sign at the intersection of IH-30 service road and Buckner Boulevard. Defendant Harry Vandinter failed to stop and yield right of way at the stop sign and collided hard into the front driver's side of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A.   NEGLIGENCE – DEFENDANT HARRY VANDINTER

At the time of the motor vehicle collision, Defendant Harry Vandinter was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

- a. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

- b. Defendant failed to stop at a stop sign in violation of Texas Transportation Code Section 544.010;

- c. Defendant failed to yield the right-of-way in violation of Texas Transportation Code Section 545.151;

- d. Defendant entered the intersection when it was unsafe to do so;

- e. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

  f.  Defendant failed to control his vehicle;

  g.  Defendant was distracted in his vehicle;

  h.  Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

  i.  Defendant failed to pay attention to the road conditions and circumstances;

  j.  Defendant failed to safely operate his 18-wheeler; and

  k.  Defendant failed to have or apply all of his mental faculties because was distracted by cell phone usage.

**B. NEGLIGENCE PER SE – DEFENDANT HARRY VANDINTER**

Defendant Harry Vandinter's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Codes 544.010 and 545.151. Plaintiff was a member of the class that Texas Transportation Codes 544.010 and 545.151 were designed to protect. Defendant's unexcused breach of the duty imposed by Texas Transportation Codes 544.010 and 545.151 proximately caused damages described herein.

**C. NEGLIGENT ENTRUSTMENT – DEFENDANT GT EXPRESS, INC.**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant GT Express, Inc. was the owner of the vehicle driven by Defendant Harry Vandinter. Defendant GT Express, Inc. entrusted the vehicle to Defendant Harry Vandinter. Defendant Harry Vandinter was unlicensed, incompetent, and/or reckless and Defendant GT GT Express, Inc. new or should have known that Defendant Harry Vandinter was unlicensed,

incompetent, and/or reckless. Defendant Harry Vandinter's negligence on the occasion in question proximately caused the collision.

### D. RESPONDEAT SUPERIOR – DEFENDANT GT EXPRESS, INC.

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Harry Vandinter was in the course and scope of his employment with Defendant GT Express, Inc. thereby making Defendant GT Express, Inc. liable under the doctrine of *Respondeat Superior*.

### E. NEGLIGENCE – DEFENDANT GT EXPRESS, INC.

Defendant GT Express, Inc. failed to properly train and/or supervise Defendant Harry Vandinter in order to prevent such accident

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a. Medical expenses in the past and future;

    b. Lost wages in the past and loss of earning capacity in the future;

    c. Property damage and loss of use of Plaintiff's vehicle;

    d. Disfigurement;

    e. Physical pain and suffering in the past and future;

    f. Mental anguish in the past and future; and

g.  Physical impairment in the past and future.

## VIII. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## IX. JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5. Plaintiff's disfigurement;

6. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

7. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

8. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

9. Interest on the judgment at the legal rate from the date of judgment;

10. Pre-judgment interest on Plaintiff's damages as allowed by law;

11. All costs of court; and

12. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: /s/ *Jibraeel "Jib" Zaidi*
**JIBRAEEL "JIB" ZAIDI**
State Bar No. 24091248
jib.zaidi@witheritelaw.com
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**